UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA GOMEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>PLAZA HOME MORTGAGE, INC., *et al*.<br><br>                    Defendants. | Civil No. 09cv2855-L(RBB)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; (2) DENYING WITHOUT PREJUDICE MOTION TO STRIKE; AND (3) DENYING WITHOUT PREJUDICE MOTION TO EXPUNGE *LIS PENDENS*** |

In this mortgage foreclosure action Defendants Aurora Loan Services LLC ("Aurora") and U.S. Bank, N.A. ("U.S. Bank," collectively "Moving Defendants") filed a motion to dismiss first amended complaint ("Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6), motion to strike the demand for punitive damages and a motion to expunge *lis pendens*. For the reasons which follow, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. The motions to strike and expunge *lis pendens* are **DENIED WITHOUT PREJUDICE**.

According to the first amended complaint, Plaintiff owns a residence located at 3129 Glenn Road In Oceanside, California ("Property"). On or about March 30, 2007, Plaintiff refinanced the Property using the lending services of Defendant Plaza Home Mortgage, Inc. ("Plaza"). Plaintiff requested a 30-year fixed rate mortgage for the sum of $392,000, however, Plaza provided her with a negative amortization adjustable rate mortgage. For the first five years, Plaintiff was obligated to make only interest payments at a low fixed initial rate.

Afterwards, the loan was to be recast and the principal and interest paid off over 25 years under a higher adjustable rate. The loan was secured by a deed of trust on the Property. Plaintiff defaulted on the loan and received a notice that the Property would be sold at a trustee's sale.

Aurora is the servicer on the loan and Defendant Quality Loan Services Corporation ("Quality") is the trustee. Plaintiff alleges that at some point, the deed of trust securing the loan became part of an asset backed security, and that U.S. Bank is the trustee of the trust holding the note.

Plaintiff claims that the loan's features were not adequately disclosed and explained to her and that she did not understand them when she entered into the transaction. Subsequently, Plaintiff sent a notice of rescission to Defendants and a qualified written request for information to Aurora. Aurora allegedly responded that it did not have the requested documents. Subsequently, Plaintiff filed a complaint in this court basing subject matter jurisdiction on 28 U.S.C. Section 1331.

As the operative complaint, the first amended complaint asserts claims for violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), violation of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and state law causes of action for violation of California Civil Code Sections 2923.5, intentional misrepresentation, fraudulent concealment and quiet title. She seeks damages and rescission of the loan.

Plaza was dismissed from this case for failure to prosecute. (*See* Docket no. 18.) Quality filed a declaration of nonmonetary status pursuant to California Civil Code Section 2924*l*. (Docket no. 4.) It agreed to be bound by whatever order or judgment is issued by the court regarding the deed of trust. Cal. Civ. Code § 2924*l*(b). No party has timely objected to Quality's declaration. *See id.* § 2924*l*(c)-(e). Quality is therefore not required to participate any further in this action. *Id.* § 2924*l*(d). Accordingly, only the Moving Defendants remain as active parties in this case.

The Moving Defendants filed a motion to dismiss all causes of action for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

The Moving Defendants argue, among other things, that Plaintiff cannot state a claim for a RESPA violation, alleged in the first amended complaint as the fourth cause of action. Plaintiff alleged that Aurora, as the loan servicer, violated 12 U.S.C. Section 2605(e), which obligates the loan servicer to respond to certain borrower inquiries. Plaintiff alleged that she sent a qualified written request to Aurora and that Aurora did not fully respond. (Compl. at 13-14.) Aurora argues, among other things, that Plaintiff did not allege sufficient facts to state a claim for noncompliance.

Plaintiff alleged a list of documents and information she requested from Aurora. (Compl. at 13-14, 15.) She then alleged that Aurora "did not fully provide the requested information" and listed the documents and information which were not provided. (*Id*. at 14.) However, section 2605(e)(2) gives the loan servicer several options for compliance other than to provide documents and written responses to the borrower. The loan servicer may merely make corrections to the borrower's account, or it may provide a statement of reasons why it believes that the borrower's account does not require any correction together with contact information for a servicer's office which can provide assistance, or the loan servicer may provide an explanation

that the requested information or documents are not available together with contact information. 12 U.S.C. § 2605(e)(2)(A)-(C).

Plaintiff does not allege sufficient facts in support of her RESPA claim to meet the notice pleading requirements of Rule 8(a) of Federal Rules of Civil Procedure. Although Rule 8 does not require that the complaint include all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to infer the existence of a claim for relief. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009). This calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove that claim. *Id.* Plaintiff's first amended complaint falls short of this requirement because, based on its allegations, it is impossible to tell whether Aurora, while not providing Plaintiff with the type of response she wanted, complied with any other options available to it under section 2605(e). Accordingly, the Moving Defendants' motion to dismiss the fourth cause of action is **GRANTED**.

Plaintiff's only remaining federal claim is for TILA violations, which is alleged against U.S. Bank but not Aurora. Initially, the Moving Defendants argue that the third cause of action for damages under TILA is time-barred. This argument is rejected because Plaintiff alleged sufficient facts for equitable tolling to survive the pleading stage. (*See* Compl. at 4.) *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action"). To the extent the Moving Defendants base their motion to dismiss on statute of limitations, it is **DENIED**.

They also contend that to the extent Plaintiff seeks rescission, she cannot state a claim because she did not allege tender. One of the requirements for rescission under 15 U.S.C. Section 1635 is the borrower's return of money received from the lender, less interest, finance charges and similar items. Unless the lender acquiesces in the rescission, the rescission is not automatic. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). If rescission were automatic, "a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." *Id.* (emphasis in original). A

court "may impose conditions on rescission that assure that the borrower meets [his or] her obligations once the creditor has performed its obligations." *Id*. at 1173. If the borrower cannot comply with the obligations, *i.e.*, lacks capacity to pay back what he or she received from the lender, the court may decide not to enforce the rescission. *Id*.

Plaintiff did not include any allegations in the first amended complaint to allow an inference that she is willing or able to pay back what she received, and she did not address this argument in her opposition. Accordingly, to the extent Plaintiff seeks rescission under TILA, the motion to dismiss is **GRANTED**.

Finally, the Moving Defendants contend that U.S. Bank is not subject to liability under TILA at all. U.S. Bank is the trustee of the trust holding the note for the underlying loans. (Compl. at 3.) The Moving Defendants argue that U.S. Bank is not subject to liability because it does not have "assignee liability." Plaintiff argues that it does.

In pertinent part, a TILA claim which can be maintained against a creditor can be maintained against the creditor's assignee if "if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). "[A] violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by [TILA]." *Id*.

In support of assignee liability, Plaintiff alleged that U.S. Bank purchased the loans from Plaza "even though there were no loan application, no Truth in Lending disclosures, and no property appraisal . . .." (Compl. at 7.) In her opposition, Plaintiff argues that this allegation is based on Aurora's admission in its response to Plaintiff's qualified written request that "Aurora and U.S. Bank do not have a copy of" these documents." (Opp'n to Mot. to Dismiss at 3-4.) She further argues that the "absence of these documents would make it clear that there were irregularities in the loan origination process" so as to impose assignor liability. (*Id*. at 4.)

Plaintiff's argument is rejected because it is unsupported by allegations in the first amended complaint. Plaintiff alleged that "Aurora failed to provide a copy of the loan

application, copies of the initial and final Truth in Lending disclosures, and a copy of the property appraisal." (Compl. at 15.) Plaintiff did not allege that Aurora made any accompanying representations whether it or U.S. Bank had the documents in its possession. (*See id.* at 13-15.) As discussed above, Aurora was not required to provide these documents to Plaintiff to comply with RESPA. Accordingly, the allegation does not support the inference Plaintiff draws in her opposition, that Aurora did not provide these documents because neither Aurora nor U.S. Bank had them. Moreover, the allegation is contradicted by other allegations, which suggest that Truth in Lending disclosures were prepared. (*See* Compl. at 8.)

Based on the foregoing, Plaintiff's allegations of U.S. Bank's assignee liability are insufficient to support a TILA claim. The Moving Defendants' motion to dismiss the TILA claim is **GRANTED**.

Having granted the Moving Defendants' motion with respect to all federal claims alleged in the first amended complaint, the court must next consider whether Plaintiff should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. Because it appears that Plaintiff may potentially be able to amend her TILA and RESPA claims, they are **DISMISSED WITH LEAVE TO AMEND**.

As no federal claims remain in this action, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). They are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Should Plaintiff choose to file

1 an amended complaint, she may re-allege these claims.

2     The Moving Defendants' motion to strike punitive damages pursuant to Federal Rule of
3 Civil Procedure 12(f), which is based on the argument that Plaintiff cannot state any claim to
4 support such relief, is **DENIED WITHOUT PREJUDICE**.

5     Last, the Moving Defendants filed a motion to expunge *lis pendens*.  "[T]he court shall
6 order the notice expunged if the court finds that the pleading on which the notice is based does
7 not contain a real property claim."  Cal. Code Civ. Proc. § 405.31; *see also Id.* § 405.5 & 28
8 U.S.C. § 1964 (state law *lis pendens* provisions apply in federal court).  Because the first
9 amended complaint contains real property claims and Plaintiff has been granted leave to amend,
10 the Moving Defendants' motion to expunge *lis pendens* is **DENIED WITHOUT PREJUDICE**.

11     Accordingly, it is hereby **ORDERED** as follows:

12     1. The Moving Defendants' motion to dismiss is **GRANTED WITH LEAVE TO**
13 **AMEND**.

14     2. The Moving Defendants' motion to strike is **DENIED WITHOUT PREJUDICE**.

15     3. The Moving Defendants' motion to expunge *lis pendens* is **DENIED WITHOUT**
16 **PREJUDICE**.

17     4.  If Plaintiff chooses to file an amended complaint, she must file and serve it no later
18 than **March 31, 2011**.  Defendants' response, if any, to the second amended complaint shall be
19 filed and served within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

20 **IT IS SO ORDERED**.

22 DATED: March 17, 2011

23 _____
M. James Lorenz
24 United States District Court Judge

HON. RUBEN B. BROOKS
25 UNITED STATES MAGISTRATE JUDGE

26 ALL PARTIES/COUNSEL